## WERNER v. BREHM.
### No. 4769.

Court of Civil Appeals of Texas. El Paso.

Nov. 29, 1950.

Rehearing Denied Jan. 17, 1951.

G. Woodson Morris, San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal by Agnes A. Werner, hereinafter called appellant, from a judgment of the District Court of Bexar County, 57th Judicial District, by which Agnes Brehm, hereinafter called appellee, was awarded a judgment against her in the sum of $533.38 and in the further sum of $53.90. As to the latter sum the judgment likewise was against W. E. Mahavier and Mrs. Wm. L. Jackson.

Appellee's trial petition alleged in substance that in cause No. 36878 in the District Court of Bexar County she sued appellant for the recovery of a certain tract of land in Bexar and Wilson Counties; that judgment was rendered in her favor on December 15, 1947 for the recovery of said land; that appellant here appealed said cause to the Court of Civil Appeals for the 4th Supreme Judicial District, that she perfected her appeal to the San Antonio Court by giving a supersedeas bond in the sum of $550.00; that W. E. Mahavier and Mrs. Wm. L. Jackson were sureties thereon; that the San Antonio Court of Civil Appeals affirmed said judgment on September 22, 1948, 216 S.W.2d 991, and decreed that appellee recover of appellant there and here the money adjudged by the court below and all costs. Mrs. Werner applied to the Supreme Court for a writ of error, which was refused on January 15, 1949. Thereafter the record was returned to the San Antonio Court and mandate issued and the same was filed in the trial court on February 9, 1949. Thereafter writ of restitution issued and appellee here was placed in possession of the premises. Appellee further alleged that appellant became indebted to plaintiff for the reasonable rental value of said premises for said period of time from December 15, 1947 to February 14, 1949. The reasonable rental value was alleged to be $1,000.00. She likewise sought recovery of said amount from the bondsmen; that if the supersedeas bond was not properly conditioned as such, appellant held and claimed possession of the land thereunder from the date thereof to the 14th of February 1949; that she was further entitled to recover the costs incurred in the appeal to the San Antonio Court and in the Supreme Court. Other relief was sought in the petition, but was not granted and is not pertinent here.

Appellant answered such petition on the merits by a general denial; further that liability on the bond was settled by the judgment of the San Antonio Court of Civil Appeals; that the bond sued on was not a supersedeas bond, and she was in no way liable thereon and is only liable for the costs and damages fixed and adjudicated by said Court of Civil Appeals.

The trial was to the court with a jury. Two special issues were submitted and answered:

"No. 1: What do you find from a preponderance of the evidence to be the reasonable rental value per month of any between December, 1947 through February, 1949 of the house and outhouses located on the lots in Elmendorf?"

The jury answered "$30.00 per month."

"No. 2: What do you find from a preponderance of the evidence to be the reasonable rental value, if any as that term has been hereinabove defined, per year between December, 1947 through February, 1949 of the pasture land in question?"

The jury answered $1.00 per acre per year."

Save and except the matters submitted by the two special issues there are no disputed facts in this case. As alleged by the appellee, she sued for and recovered the premises described in her petition. She had previously deeded them to appellant and the judgment of the court set aside the deed on the ground of duress and awarded her the premises. The appeal was taken as alleged by appellee and the bond was filed by appellant. The bond filed in the appeal to the San Antonio Court was conditioned as follows: "Now therefore, we, Agnes A. Werner as Principal, and Mrs. M. L. Jackson and W. E. Mahavier as Sureties, acknowledge ourselves bound to pay to the said Agnes Brehm the sum of $550.00, conditioned that if Agnes A. Werner, Defendant, shall prosecute her appeal to effect, and in case the judgment of the Supreme Court and the Court of Civil Appeals shall be against her she shall perform its judgment, sentence or decree and pay all such damages as said court may award against her."

It is approved March 9, 1948, and filed on that date in the trial court. It was endorsed "Supersedeas Bond." On March 6, 1948, the trial judge in pursuance of a motion of Mrs. Werner fixed the amount of the supersedeas bond at the sum of $550.00.

■ There is no dispute but that from some time prior to December 15, 1947 until the issuance of the writ of restitution in February 1949, Mrs. Werner held possession of the premises against the will of Mrs. Brehm. The trial court here, properly, we think, held the bond in the appeal to the San Antonio Court was not a supersedeas bond, and properly as to rents and revenues of the property rendered judgment in favor of the Sureties. Mrs. Brehm attempts to assail the action of the trial court in this respect through her brief, but she did not file an appeal bond, hence is not entitled to attack the judgment in favor of the Sureties.

Appellant assails the judgment by four points of error: First, The court erred in overruling appellant's motion for a directed verdict because the evidence wholly fails to establish that appellant deprived appellee of the use of the premises involved and further fails to show the reasonable rental value of the premises, or even that the premises had any rental value; Second, the court erred in admitting in evidence the judgment in the case of the former suit between appellant and appellee because same was not material and was highly inflammatory and prejudicial; Third, that the court erred in rendering judgment for rents from December 15, 1947 to February 14, 1949 because the supersedeas bond was not filed until March, 1948; Fourth, that the court should not have rendered judgment against appellant for the unpaid court costs in the former case on appeal.

■ In our opinion it is entirely immaterial to any issue in this appeal whether the bond in the case where appellee was adjudged to have title was a supersedeas bond or merely a cost bond. From the date of the deed set aside by the judgment in the former case up to the 15th of February, 1949, the appellant held possession of the premises and ·claimed title to same under and by virtue of said deed. It was finally adjudicated in that case that she obtained the deed through duress and that such deed was invalid. She so held and claimed the property at all relevant times and having so retained the property against the rightful owner so wrongfully, she should be required to pay the reasonable rental value thereof. She was legally liable for

rents from the date of the deed to the date possession was restored to the rightful owner by the writ of restitution. If the bond in question was not a supersedeas bond, as contended by the appellant here, appellee was legally entitled to payment of the rental value of the property for the time same was wrongfully withheld. She was only awarded those rents from the date of the judgment in her favor. In our opinion had she asked for same she would be entitled to rents from the date of her wrongful eviction, that is, the date of the deed from appellee to appellant.

■ A witness testified that he knew the rental value of the property and it was between $30.00 and $40.00 per month, the grazing land being of the reasonable rental value of $1.00 per acre per year. Appellant complains there is no evidence as to the market value of the land; that the witness was not qualified. No complaint by point of error is made as to the admission of the evidence and that it was error to admit same because the predicate was inadequate. Under the circumstances we do not think that appellant is entitled to question its weight. Further, there is no question in our minds that under the evidence a sufficient predicate was laid and the witness' testimony shows him to be in every way qualified to testify to the rental value of this property. It is held that the verdict of the jury as to the rental value of the property was sustained by competent evidence.

■ It is claimed the court erred in admitting over the objection of appellant the judgment in the case whereby appellee was adjudged to have the title to the property in question against appellant. This judgment established appellee's title and right of possession to the property; in our opinion it was an absolutely essential part of appellee's case. If part of same was not material, appellant should have pointed out the objectionable parts. There was no error in the action of the court in admitting the judgment.

The point of error in regard to recovery of costs owing by appellant in the suit where the title to the property was involved we regard as without merit. Appellant concedes that these costs are owing. In this respect the trial court entered judgment on the bond. Appellee did not plead the former judgment in abatement and there is no substantial reason to hold that she will ever be compelled to pay this honest debt twice. The bond in this case is not the debt, it is intended as security for a contingent liability and evidence of a liability in the event of the happening of the contingency upon which the liability depended. As hereinbefore stated, we do not believe that the trial court erred in refusing to consider the bond in question as a supersedeas bond. In any event, we think it is elementary not having perfected an appeal as against the Sureties thereon that appellee is not entitled to assail the judgment in that respect.

No error appearing, it is ordered that the judgment of the trial court be in all things affirmed.

McGILL, J., not participating.