## ROGERS v. COCA COLA BOTTLING CO.

### No. 13089.

Court of Civil Appeals of Texas. Dallas.

Oct. 24, 1941.

Rehearing Denied Nov. 28, 1941.

Herbert I. Fruhman and John C. Walvoord, Jr., both of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

BOND, Chief Justice.

Appellant, George Rogers, Jr., brought this suit against appellee, Coca Cola Bottling Company, for damages resulting from alleged injuries suffered by his wife from drinking a bottle of Coca Cola containing a decomposed cockroach. Appellant al-

leged that his wife purchased a bottle of Coca Cola from a retail drugstore, and that, while the bottle was in the possession of appellee and at the time it was delivered by appellee to the drugstore for sale to the general public, it contained the cockroach. The theories on which appellant based liability are: (1) An implied contract of sale by appellee, the manufacturer, to the general public through the named retail outlets and stores, that the Coca Cola was nonpoisonous, pure, wholesome and free from all deleterious substances, including foreign matter, such as cockroaches; and (2), negligence in manufacturing, handling and preparing said drink as to allow a cockroach to be bottled and sealed with the Coca Cola, proximately resulting in the injury to plaintiff's wife.

In response to the principal and controlling issues, the jury found that the bottle did not contain a cockroach when it left the possession of the Coca Cola Bottling Company; and that the Coca Cola Bottling Company did not fail to exercise ordinary care in the manufacture and preparation of the bottle of Coca Cola involved in the suit. The jury also found that the wife suffered no damage as the result of drinking the Coca Cola.

■ We think the findings of the jury are conclusive on the ultimate issues of liability. There is no evidence in the record, usual in such cases, as to when and how the cockroach got into the bottle. Testimony is simply that it was there, and that the wife discovered its presence after drinking a portion of the contents. Indeed, under the rule of res ipsa loquitur, the fact of the cockroach's presence in the sealed bottle raised a presumption of negligence upon which the jury could, under all the facts and circumstances, have rendered a verdict. Such, however, is not conclusive as against defensive testimony, either direct or circumstantial, that the bottle did not contain the cockroach when it left the possession of the manufacturer, or that the defendant was not guilty of negligence. The rule, res ipsa loquitur, means "that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that

they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff." Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, Ann.Cas.1914D, 905; Gulf, C. & S. F. Ry. Co. v. Dunman et al., Tex.Com.App., 27 S.W.2d 116, 72 A. L.R. 90. Such is the meaning generally applied by the courts of this state.

■ The defendant met the issue raised by plaintiff's presumptive evidence, by showing that its process of bottling was operated in a proper manner and in compliance with good bottling practice; that its plant contained modern equipment suitable for the business, and similar to that used in other plants throughout the country. The evidence is overwhelming that the plant was clean and, on account thereof, the process of cleansing the bottles, employed by the Company, made it practically impossible for a bottle to go through the plant containing a cockroach. Obviously, defendant had no way of identifying the particular bottle in issue, or of proving directly that the bottle did not contain the cockroach when it left its possession. The law does not require an impossibility. The defensive testimony, to be weighed but not necessarily to be accepted, was sufficient to rebut the inference of negligence raised by appellant, and sufficient to overcome the prima facie fact issue of negligence. Such testimony made a fact issue as to whether or not the cockroach was in the bottle when it left the possession of the Bottling Company; also whether the Company was guilty of negligence in the processing of the bottled beverage. We think the jury was warranted in concluding, as they did, under all the facts and circumstances, that the presence of the cockroach in the bottle was not the result of negligence, and that it was not in the bottle at the time the bottle left the possession of the Bottling Company.

■ It might well be conceded that the finding by the jury, that plaintiff's wife sustained no damage as the result of drinking the Coca Cola, was contrary to the evidence; however, such adverse finding does not constitute reversible error, in view of the answers to the other controlling issues. Even if the jury had found that plaintiff's wife sustained damages in an amount commensurate with the injuries she

received, such would not, in the absence of finding that the bottle contained the cockroach, or that the Bottling Company was guilty of negligence, warrant a recovery. Evidently the jury knew the effect of their findings, acquitting the Company of liability; therefore, no damages could flow from a finding of injury. Absent a showing that the jury was actuated by improper motive, manifestly, they could effectually determine that their answers of no liability would not support an item for damage.

We have considered all contentions raised by appellant; they are overruled.

Judgment affirmed.