## WERNER v. BREHM.

### No. 11846.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 22, 1948.

Rehearing Denied Oct. 27, 1948.

J. R. Cade, of San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom and Charles W. Barrow, all of San Antonio, for appellee.

NORVELL, Justice.

This is a suit brought by appellee, Agnes Brehm, against her daughter, Agnes A. Werner, to set aside a deed from appellee to appellant because of duress.

Trial was to a jury and its findings were favorable to appellee.

Appellant's first three points relate to the sufficiency of the evidence. It is asserted that there is no evidence supporting the jury's finding of duress and a judgment non obstante veredicto should have been rendered for appellant. It is also asserted that the evidence is insufficient in fact to support the verdict.

The burden of the argument is that the evidence failed to disclose that any threats were made at the time the deed was acknowledged before a notary public. The notary testified that Mrs. Brehm apparently executed the deed of her own free will and did not indicate to him that she was unwilling to convey the property.

However, Mrs. Brehm testified upon the trial that she was about seventy-five years old and acquired the property in question in 1940, upon the death of her sister. In 1941 her daughter, the appellant, and her children began to live with appellee upon the property. According to Mrs. Brehm, Mrs. Werner insisted that the property be deeded to her, although she (Mrs. Brehm) had other children. Appellee testified upon the issue of duress as follows:

"Q. Had she (Mrs. Werner) done anything previously at that time (the acknowledgment of the deed), about making you sign the deed? A. She told me if I didn't sign it she was going to hurt me all she could, and she didn't care how bad.

"Q. That was before you signed the deed? A. Yes, sir.

"Q. What did she actually do to you at that time? A. She pulled me, pushed me around, threw me in a rocking chair and held my hands up over my head, she hurt me.

"Q. What effect did that have on you, Mrs. Brehm? A. Well, it hurt me.

"Q. Did you sign the deed? A. Yes; if I hadn't been afraid of her I wouldn't have signed it."

We hold that the evidence supports the jury's findings. Gray v. Freeman, 37 Tex.Civ.App. 556, 84 S.W. 1105; Bank of Fredericksburg v. Wendel, Tex.Civ.App., 11 S.W.2d 341.

We overrule appellant's first, second and third points.

Appellant's fourth, fifth and seventh points complain of the method by which the issue of duress was submitted to the jury. The trial court inquired whether or not said "threats, if any (inquired about in a foregoing issue), constituted duress." This inquiry was followed with a definition of the term "duress." No objection was made to the definition, but it was insisted that the elements of duress should have been embodied in an issue such as that suggested by appellant, viz.: "Do you find that such threats had such force and influence upon the mind of the plaintiff as to overcome the will and liberty of discretion to such an extent as to influence her to act in a way that her judgment and discretion would condemn, and prompt her not to do, if free from such influence?"

■ It seems to us that the trial judge could have submitted the issue by either one of two methods. The method selected, that of employing a definition of duress, was not erroneous. It did not submit a mixed question of law and of fact. The form of submission was essentially the same as that used in Bank of Fredericksburg v. Wendel, Tex.Civ.App., 11 S.W.2d 341, heretofore cited.

We overrule appellant's fourth, fifth and seventh points.

By the sixth point, appellant contends that the trial judge erred in admitting certain evidence.

■ It appears that in addition to the real property here involved, the appellee also received about thirty-five cows and some cash from her sister's estate. Upon cross-examination of Mrs. Werner she was asked if she had sold any of these cattle and how many remained unsold when her mother left the place about a year before the case was tried. Over objection, Mrs. Werner testified that she had sold some of the cattle and that only seven were undisposed of when her mother left. The objection was that the inquiry related to a wholly immaterial issue. We are of the opinion that the evidence was material for the reason stated by counsel in the trial court, that is, "to show (how) these people lived out there, what they used to pay their expenses, how they got the money to live

on (and) who furnished it." Mrs. Werner testified that she paid no cash for the deed here involved and gave no property to her mother in exchange for the land described in the conveyance. She stated that the consideration for the deed was services rendered by her in taking care of her mother. This was denied by the appellee who testified that her property was used for her subsistence and the support of her daughter and the daughter's family. In view of these conflicting positions the materiality of the evidence relating to the sale of the cattle is obvious.

We overrule appellant's sixth point.

We have concluded that appellant's brief discloses no reversible error and the judgment of the trial court is accordingly affirmed.