Carmen C. BROWN, Appellant,

v.

Albert G. VIGEON, Appellee.

No. 6590.

Court of Civil Appeals of Texas.

Beaumont.

April 25, 1963.

Rehearing Denied May 22, 1963.

Adams & Browne, Beaumont, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Judgment was rendered for defendant based upon the answers of the jury to the special issues. The parties will be designated here as they were in the trial court.

The collision occurred in the City of Beaumont at an intersection controlled by a traffic light. The plaintiff was driving in a southerly direction about midway in a funeral procession and defendant was driving in an easterly direction. All of the evidence showed the traffic light was red from plaintiff's standpoint, at the time she entered the intersection.

The jury found: That defendant did not fail to keep a proper lookout. That defendant was not operating his car at an excessive rate of speed. That plaintiff did not run the red light by direction of a police officer, and that such action was a proximate cause of the collision. That plaintiff failed to keep a proper lookout, but that was not a proximate cause of the collision. That the accident was the result of an unavoidable accident.

Plaintiff contends the trial court erred in refusing to submit special issues relating to "proper control" on the part of the defendant, and argues the jury may have found these issues favorably to the plaintiff. Plaintiff further contends such findings would have been in conflict with the finding of "unavoidable accident", and therefore plaintiff is entitled to have this case reversed and remanded.

If the court had submitted issues on "proper control" on the part of defendant, and the jury had found favorably to the plaintiff, we would have the situation involved in Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772, in which case the Supreme Court held there was a fatal conflict. In that case the jury found negligence on the part of both plaintiff and defendant, as well as unavoidable accident.

The plaintiff plead the following acts of negligence on the part of defendant:

1. In failing to maintain a proper lookout;

2. In failing to have the vehicle which he was operating under proper control;

3. In operating said 1952 Chrysler automobile at an excessive rate of speed under the circumstances then obtaining;

4. In failing to turn the said 1952 Chrysler automobile to the side im-

mediately prior to colliding with the 1953 Plymouth;

5. In failing to apply the brakes of the vehicle in time to stop prior to colliding with plaintiff's vehicle;

6. In failing to yield the right-of-way;

7. In failing to stop his vehicle for a funeral procession.

Plaintiff requested issues only on "proper lookout" and "excessive speed" which were submitted by the court, and "proper control", which was refused. Plaintiff contends "proper control" in this case would have included "turning to the side", "timely application of brakes", and "failure to yield right-of-way". Rule 279, Texas Rules of Civil Procedure, requires a trial court to submit the controlling issues. Plaintiff having plead "proper control", if there was evidence raising such issue, then the court erred in not submitting it.

We find the following evidence in this record: The defendant testified that one-half block from the traffic light it was red; that he saw no cars cross the intersection before his light turned green; that 75' to 125' from the intersection his light turned green. A part of the cross-examination of defendant was as follows:

"Q. Now, as you proceeded on Doucette, how close to the intersection were you when you realized there was something there and that probably a collision was imminent?

"A. Thirty-five feet or so.

"Q. Thirty-five feet back from the intersection?

"A. Right. I believe that's when I applied my brakes.

"Q. Did you apply your brakes?

"A. Yes, sir."

Defendant further testified that he applied his brakes and laid down 32 feet of skid-marks; that plaintiff's car was right in the middle of the intersection when his car arrived at the intersection. Further cross-examination of defendant was as follows:

"Q. Was there anything on this vacant lot to have kept you from turning over, driving on the vacant lot to avoid the collision?

"A. A ten-inch curb.

"Q. You mean you would have had to jump a ten-inch curb?

"A. And I would have had to hit—at the time I applied my brakes there was a telephone post on the corner. I don't remember how many feet to the corner there but there was a telephone post sitting on the corner there.

"Q. But to your right, considering the direction you were travelling, considering there was a vacant lot and nothing on the vacant lot, was there, to keep you from driving on there?

"A. I would have to answer no to that."

■ There is an absence of proof that defendant failed to timely apply his brakes. The evidence showed defendant first saw the plaintiff's automobile at 35 feet, and his automobile laid down 32 feet of skid-marks. This constitutes no evidence of negligence in this respect. The evidence shows conclusively that plaintiff drove through a red light. The finding of the jury that plaintiff did not run the red light at the direction of a police officer, established the fact that defendant had the right-of-way. The only evidence on the issue of failure to turn to the right came from the defendant. He testified he was prevented from turning to the right by a ten-inch curb and a telephone pole. There is no evidence to contradict this testimony. While the jury would be free to disbelieve the defendant's testimony, there is no evidence that the opposite of what he said is true, that is, that there was no curb and no telephone pole. Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162.

The hubs of this case were wheth-er or not defendant was travelling at an excessive rate of speed, and whether he was keeping a proper lookout. Findings on these two issues, speed and lookout, are not necessarily conclusive as to whether a driver had his car under proper control. However, speed may be the only constituent element of proper control, depending upon the circumstances of each case. In this case, we believe that if proper control was in the case, the constituent element was speed. Where the only factual basis for the submission of proper control is the rate of speed, this issue being submitted, the issue of proper control is submitted. Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755.

Judgment affirmed.