**Maxine GRAY et vir, Appellants,**

v.

**L. W. NEWBERRY, Appellee.**

No. 7544.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1964.

Rehearing Denied June 9, 1964.

Kenzy Hallmark, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

James H. Rounsaville, John Spiers, Norman, Rounsaville, Hassell & Spiers, Jacksonville, for appellee.

DAVIS, Justice.

Plaintiff-appellee, L. W. Newberry, sued the defendant-appellant, Maxine Gray, joined by her husband, W. C. Gray, for damages as the result of a collision between a pickup that was being driven by the appellee and an automobile being driven by the appellant, Mrs. Gray, which occurred in the City of Jacksonville on Highway 69 on October 9, 1961. Appellee was traveling in a southerly direction and the appellant was traveling in a northerly direction. Doyle Chandler was also traveling in a northerly direction, and had brought his pickup to a stop to await the traffic that was traveling in a southerly direction to pass by so he could turn off to the left to go to his place of residence. It was raining, and as appellant approached the pickup that was being driven by Doyle Chandler she either drove the car, or improperly applied her brakes, and drove it, or permitted it to skid, to the west side of the highway and meet the appellee head-on. The appellee contends that the appellant was negligent in many respects, and

that such negligence proximately caused the collision. The case was tried before a jury. The jury answered all the special issues in favor of the appellee and assessed his damages in excess of $32,000.00. The appellant filed an amended motion for new trial, which was overruled, and has perfected her appeal. She brings forward 22 points of error.

By her points, appellant contends that the trial court erred in entering judgment against her for the following reasons:

The appellee was guilty of negligence that caused the collision as a matter of law;

The appellee failed to keep a proper lookout;

The answers of the jury to special issue No. 22 are against the weight and preponderance of the evidence;

There was no evidence that would require the submission of any issues to the jury about any negligent acts or omissions on the part of the appellant;

There was no evidence, and insufficient evidence, to support the submission of Issues 1 and 2 inquiring if appellant drove her car across the center stripe of the highway, and that such act was negligence;

There was no evidence, and insufficient evidence, to support the submission of special issue No. 4 that appellant negligently applied her brakes;

There was no evidence, and insufficient evidence, to support the submission of special issue No. 6, nor to support the jury finding that appellant was negligently operating her vehicle at an excessive rate of speed;

There was no evidence, and insufficient evidence, to support the submission of special issue No. 8 that the appellant failed to keep a proper lookout;

There was no evidence, and insufficient evidence, to support the submission of special issue No. 10 that appellant was guilty of following too close to the vehicle of Doyle Chandler;

There was no evidence to support the submission of special issue No. 12 that appellant failed to keep her vehicle under proper control;

In submitting special issue No. 12, "Proper Control", having already submitted issues Nos. 1, 2, 4, 6, 8, and 10, because such submission is repetitious and constitutes an undue emphasis and a comment on the case;

In submitting special issue No. 1, because such issue is multifarious in that it constitutes a comment upon the weight of the evidence;

In instructing the jury that in connection with special issue No. 14 they could consider the loss of future earning capacity, because there were no pleadings to support such submission and instruction;

The jury finding to special issue No. 14 is excessive and the evidence is insufficient to support such finding; and,

In overruling her motion for an instructed verdict.

■ Appellant relies upon the cases of Wichita Valley Ry. Co. v. Fite (Ct.Civ. App.), 78 S.W.2d 714, N.W.H., and Standard Paving Co. v. Webb (Ct.Civ.App.), 118 S.W.2d 456, N.W.H., to support the theory that the appellee was guilty of negligence as a matter of law. The cases are not in point. According to the evidence, the appellant was driving her car in a northerly direction, late in the afternoon, while it was raining, and the appellee was driving in a southerly direction. Immediately after the appellee had met Doyle Chandler, the appellant either drove or skidded her car across the center stripe of the highway and into the vehicle that was operated by the appellee at a time and on such an occasion that he would not have had time to avoid the collision. He was keeping a proper lookout, and was not guilty of negligence

as a matter of law. There is sufficient evidence to support the jury finding that the appellee did not fail to keep a proper lookout as inquired about in special issue No. 22.

■ We must disregard all evidence adverse to any legal admissible evidence and consider only the evidence favorable to the findings of the jury. 4 T.J. (2) 324, Sec. 804. In 4 T.J. (2), p. 326, quoting from Section 804, we find the following:

"A reviewing court will consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party who obtained an uninstructed verdict, and in considering controverted issues of fact, the appellate court will accept as true the testimony that tends to support the verdict."

Harris v. Winslar (Ct.Civ.App.), 314 S.W. 2d 642, N.W.H. It is our duty to consider controverted issues of fact as true which tends to support the verdict. Brewer v. Foreman (Ct.Civ.App.), 362 S.W.2d 350, N.W.H.; Coates v. Moore (Ct.Civ.App.), 325 S.W.2d 401, W.R., N.R.E. See, also, 5 C.J.S. Appeal and Error § 1264(3), p. 126; 5A C.J.S. Appeal and Error § 1653a (1), p. 407.

■ Foreseeability is a necessary element of proximate cause. The driver of an automobile is presumed to know that the operation of an automobile inherently involves a danger of collision with other vehicles. They will not be required to anticipate or foresee that another driver will act negligently or unlawfully, or close their eyes to what is plainly visible and would have been observed by a person of ordinary prudence in a similar situation.

In this case, the appellee did not see the appellant crossing the center stripe of the highway in ample time to prevent the collision. 7 T.J. (2) 440, Sec. 107, and 7 T.J. (2) 442, Sec. 107, and the authorities cited thereunder.

■ On the issues of "no evidence" and "insufficient evidence", it seems unnecessary to quote from the record, but suffice it to say that it was raining, and the road was slick. The appellant was on her way home from work. Immediately prior to the collision, she either started to pass Doyle Chandler, or negligently applied her brakes and permitted her car to skid across the center stripe of the highway and hit the appellee head-on. She was either following Doyle Chandler too closely, or she was failing to keep a proper lookout. The jury convicted her of both, and there is sufficient evidence to support the jury's finding. Under these facts, she did not have the car under proper control.

The point of error complaining upon issue No. 1 as a comment of the evidence is without any merit.

■ As to the submission of special issue No. 14, the pleadings are sufficient to allege the specific injuries. In the petition he alleged that he was thrown violently in and about the pickup he was driving, rendered unconscious, received a dislocated hip, a fracture of his knee, a fracture of two ribs, a whip-lash injury to his neck, and an injury to his lower back. Under these pleadings it was mandatory that the trial court submit the issue as he did, along with the instructions. 17 T.J.2d 276–279, Secs. 209, 210, 211 and 212; Campbell v. Fisher (Ct.Civ.App.), 24 S.W. 661, E.R.; McAlister v. Miller (Ct.Civ.App.), 173 S.W.2d 339, E.R., W.O.M.

■ The appellee was a carpenter. He had a dislocated right hip that will probably have to be operated on in the future. According to the evidence, he has already been working again, but in the future he will have to cease his job as a carpenter. He was making large sums and was out of work for about nine months. When he returned to work, he received less pay than he was making at the time of the injury. The answer of the jury to special issue No. 14 was $29,375.00.

There was much testimony about the injuries in the case, and Dr. Edward L. Mahon, an orthopedic surgeon who treated the appellee, testified about the injuries. He said that he had a whip-lash of his neck; that he had two broken ribs; and that he had an injury to his knee. But the worst injury, he said, was the dislocation of his right hip and the injuries to his back. He testified that the x-ray of the pelvis and the pelvic bone including the hip joint, revealed the head of the femur to be acetabulum of the socket. It showed a whiteish scalloped or hollowed out area of the head of the femur and a small irregularity there. He testified that as the result of the dislocation certain blood veins or arteries had been severed and were causing the head of the femur to degenerate. He said the loss of the blood to the head of the femur produced dead bone that causes other damages, and that such damages could result in damages to the back, too. He further testified that normally the knee could be drawn up to his chest. Whereas, in his case, it was at right angles, 90 degrees. He could not roll his leg outward in a normal position without causing pain. He testified about the percentage of incapacity, and further testified that in the future there would probably be need for surgery to the right hip. He said that the surgery would involve the cup and the operation device for the surface of the head of the femur would be to replace it with a metal covering or cup. If the damage is great enough or deep enough, then the whole ball head of the femur would have to be replaced by a metal substitute. He further testified that the appellee had suffered severe and excruciating pain and will continue to do so. There are other cases in which larger amounts have been awarded. Landtex Construction Company v. Lejsal (Ct.Civ.App.), 315 S.W.2d 177, W.R., N.R.E., a carpenter was awarded $70,000.00 for brain damage that caused him to be unconscious six hours, from which he suffered severe headaches and loss of memory. In Missouri Pacific Railroad Co. v. Rhoden, Tex.Civ.App., 310 S.W.2d 607, N.W.H., a railroad machinist with a life expectancy of 21.37 years, earning about $2.00 per hour, who suffered injury to leg and back, resulting in continued pain and suffering and 20% impairment of his general efficiency, $70,000.00, with a remittitur of $15,000.-00. In the Greer Lines Company v. Roberts, 216 Md. 69, 139 A.2d 235, a laborer who received permanent injuries to his left leg when he was penned between the front of a truck and a guard rail, $67,500.00. Therefore, the award by the jury seems very reasonable.

The evidence is sufficient to support the jury's findings and the judgment. The trial court did not err in overruling the motion for an instructed verdict.

The points of error are overruled. The judgment of the trial court is affirmed.