**JACK CANE CORPORATION et al.,**
Appellants,

v.

**Antonia GONZALES, Appellee.**

No. 14538.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1967.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellants.

Putman & Putman, Richard G. Strong, San Antonio, for appellee.

CADENA, Justice.

Appellants, Jack Cane Corporation and Al West Corporation, defendants below, appeal from a judgment allowing plaintiff, Antonia Gonzales, to recover damages for injuries sustained by her when she slipped and fell while descending a flight of stairs in a theater.

Plaintiff's original petition and trial amendment charged defendants with negligence in (1) failing to warn her of the defective condition of the carpeting on the stairs; (2) failing to properly inspect the carpeting to determine its condition; (3) maintaining the carpeting in a defective condition; (4) failing to repair the defective condition of the carpeting; and (5) failing to maintain the carpeting in a reasonably safe condition.

Plaintiff testified that, as she was descending the stairs, her heel caught in a hole in the carpeting, causing her to fall. She also testified that there were no signs warning of the condition of the carpeting and that it was dark inside the theater, although she could see where she was going.

Special Issue No. 1, inquired of the jury whether "Defendants failed to maintain the stairs upon which the Plaintiff * * * fell in a reasonably safe condition." The jury answered this issue in the affirmative and also answered the corollary issues relating to negligence and proximate cause in a manner favorable to plaintiff. The jury's answers to this group of issues furnish the only grounds for imposing liability on defendants.

Defendants objected to the submission of Special Issue No. 1 on the ground that it was too broad, global, and constituted a general charge.

Our special issue system in Texas has been troubled with the multiplication of issues in personal injury cases. The problems of the special issue charge "are those of profusion, conflicting answers, and confusion to the jurors." Barclay v. C. C. Pitts Sand and Gravel Co., 387 S.W.2d 644, 650 (Tex.Sup., 1965, concurring opinion by Mr. Justice Pope). No useful purpose can be served by an attempt to analyze all that has been written, in judicial opinions and elsewhere, concerning our law of special issues. The nature of the distinctions which have been drawn is perhaps best illustrated by the apparent inability of some of our leading jurists to describe them without using the term "metaphysical." See Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1933, per Mr. Justice Garwood); Barclay v. C. C. Pitts Sand and Gravel Co., supra, 387 S.W.2d at p. 648 (concurring opinion of Mr. Justice Norvell).

■■■ But, however abstruse or esoteric the distinctions may be, we seem to be committed by the force of precedent to the doctrine that in negligence cases issues must be more narrowly drawn than in "non-negligence" cases. Roosth & Genecov Production Co. v. White, supra; Pope, Broad and Narrow Issues, 26 Tex.Bar Journal 621, 978 (1963). But even this distinction is not subtle enough, since it does not explain why, in negligence cases,

it is proper to submit "global" issues relating to res ipsa loquitur, discovered peril, attractive nuisance and lookout. Barclay v. C. C. Pitts Sand and Gravel Co., supra, 387 S.W.2d at p. 650, n. 2.

■■■ As Mr. Justice Norvell pointed out in Barclay: "It is sometimes far from clear whether an issue is global, ultimate or simply the result of a granulation of an ultimate issue. This difficulty is inherent in the special issue practice and hence precedent or what has been approved heretofore is important in this area." 387 S.W.2d at p. 649, n. 2.

■■■ Adherence to precedent in this area compels the conclusion that the first issue submitted to the jury in this case was too broad. In the Roosth case, supra, the Supreme Court held too broad an issue which merely inquired whether the derrick in question was defective. In the course of his opinion, Mr. Justice Garwood pointed out that special issues should be restricted to specific acts alleged and proved. 262 S.W.2d at p. 104. In a subsequent decision it was held that even where negligence is alleged in general terms, a general submission is improper in the face of a timely objection. Kainer v. Walker, 377 S.W.2d 613 (Tex.Sup., 1964).

The Roosth holding did not settle the matter definitively. In Querner v. De Spain, 339 S.W.2d 723 (Tex.Civ.App., 1960, writ ref'd, n. r. e.) the issue under attack inquired whether the air brake on a truck was defective. The challenge to the issue on the basis of the Roosth case was rejected by this Court with the following observation: "Had the court below inquired whether the truck was defective instead of the air-line on the truck, the [Roosth] case would be helpful. Here the specific item was named which plaintiff claimed was defective, and the issue was not too broad." 339 S.W.2d at p. 727.

Four years later, in Simmons Motor Co. v. Mosley, 379 S.W.2d 711, 715 (Tex.Civ. App., 1964, writ ref'd, n. r. e.), the Austin

Court condemned, under the Roosth case, an issue which asked whether the hood latch assembly on an automobile was defective, since it "does not specify * * * which of the several mechanisms of the hood latch assembly failed to work."

In the case before us, all of plaintiff's allegations of negligence concerned the condition of a specific item on the stairway, i. e., the carpeting. The issue concerned itself with the condition of the stairway generally. Even under our decision in Querner, we cannot distinguish Roosth on the ground that the issue here named the specific item which plaintiff claimed was defective.

The nearest case in point seems to be J. C. Penney Co. v. Holmes, 378 S.W.2d 105 (Tex.Civ.App., 1964, rev'd, other grounds, 382 S.W.2d 472). There the trial court submitted three separate issues, each with corollary issues concerning negligence and proximate cause, relating to acts or omissions on the part of defendant. The first issue asked the jury to determine whether defendant had failed to provide plaintiff with a safe place to walk. In answer to the second issue, the jury found that defendant had maintained a loose metal strip on the edge of the step on which plaintiff had tripped. The third issue asked whether defendant had failed to exercise ordinary care in maintaining the metal strip on the edge of the step. The Dallas Court held that the first and third issues were too broad.

Although the Supreme Court reversed the judgment of the Court of Civil Appeals in the Holmes case, it specifically approved the holding of the Dallas Court to the effect that the first and third issues were too broad. After pointing out that plaintiff had offered only proof that the metal strip was loose and caught the heel of her shoe, causing her to fall, Mr. Justice Culver said, "As to that holding we agree." Holmes v. J. C. Penney Co., 382 S.W.2d 472, 473 (Tex.Sup.1964). Although Justices

Norvell, Steakley and Griffin dissented, they agreed that the issues in question were "global." Thus, the Supreme Court was unanimous in its disapproval of the special issue which merely inquired whether defendant had failed to furnish a safe place for plaintiff to walk. The following language from the opinion of Mr. Justice Norvell (382 S.W.2d at p. 475) is pertinent:

"* * * The broad general submission concerning a safe place to walk seems particularly prejudicial. Mere proof of an accident (using the term in its popular sense) is not proof of negligence. As Mrs. Holmes did not intentionally fall down, the fact that she did could well indicate that she must have been walking in an unsafe place, or could be so considered by a jury. The tendency of this form of broad submission is to effectively weaken the defendant's theory of 'no negligence' on its part through use of an improper submission and pitch the battle (if any be remaining) upon the affirmative defense of contributory negligence."

The Holmes case and the case before us are strikingly similar. We perceive no significant difference between an issue inquiring whether defendant failed to furnish plaintiff a safe place to walk and one which asks whether defendant failed to maintain a stairway in a reasonably safe condition. In Holmes the alleged act of negligence was the presence of a loose metal strip on the step. Here the alleged defect was the worn condition of the carpet. In Holmes plaintiff testified that her shoe had caught on the loose metal strip, causing her to fall. Here plaintiff testified that her shoe had caught in a hole in the carpeting, causing her to fall.

Despite expressions of displeasure because of the proliferation of special issues, there is little reason to hope that future decisions will encourage broad submission of issues in negligence cases. Certainly, the recent decision by our Supreme Court in Barclay, where the seemingly well entrenched "control" issue was declared anathema and cast

into exterior darkness, is no indication of a trend in that direction.

■ Plaintiff's objection to defendant's offer of hospital records relating to plaintiff was properly sustained, since some of the records offered had no relevance whatever to any issue in this case. Since defendant made no effort to segregate the relevant from the immaterial, the objection was good, even though some of the records were admissible.

The judgment of the trial court is reversed and the cause is remanded for a new trial.