**RED TOP, INC., Appellant,**

v.

**Mae F. McNIEL et al., Appellees.**

**No. 17133.**

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1970.

Rehearing Denied Oct. 23, 1970.

Shannon, Gracey, Ratliff & Miller, and Harold A. Mueller, Fort Worth, for appellant.

John G. Street, Jr., Fort Worth, and L. W. Anderson, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

Judgment for damages for personal injury resulting from a "slip and fall" was rendered upon a jury verdict in favor of plaintiffs, Mrs. Mae F. McNiel and her husband, against defendant, Red Top, Incorporated.

From this judgment the defendant appealed based upon the sole contention that Special Issue No. 1 was too vague, general, indefinite and global.

Affirmed.

Special Issue No. 1 read, as follows: Do you find from a preponderance of the evidence that on the occasion in question an employee of defendant had created a slippery condition on the hospital kitchen floor where plaintiff fell?"

The jury returned its answer in the affirmative to Special Issue No. 1, and by other answers returned and conditioned upon said affirmative finding. to Special Issue No. 1 found that the creation of the aforesaid "slippery condition" at the place where the plaintiff fell was negligence and a proximate cause; and that the defendant failed to warn the plaintiff of said slippery condition of the floor, which failure amounted to negligence which was a proximate cause of plaintiff's injuries and damages.

Defendant's exception to the material issue was "That the submission of such issue is too global and fails to spell out the slippery condition of the floor that was allegedly caused by Defendant or its employees, and that the same amounts to a comment on the weight of the evidence." A further exception advanced the contention that the (manner of) submission of such issue imposed a greater burden on the defendant than required by law.

Defendant cites the case of S. H. Kress & Co. v. Jennings, 64 S.W.2d 1074 (Beaumont Civ.App., 1933, writ dism.), as authority for its complaint. The special issue in *Kress & Co.* asked: "Do you find from the preponderance of the evidence that the place on defendant's floor where plaintiff fell (if he did fall) was oily and slippery?" A conditionally submitted issue inquired as to the defendant's negligence in permitting its floor to be in the oily and slippery condition. Further on in the charge was Special Issue No. 6, reading: "Do you find from the preponderance of the evidence that defendant had the floor in its store oiled (if you have found that it was oiled) in such a manner at the point where plaintiff fell (if you have found that he did fall) that the said floor was not a reasonably safe place for defendant's customers to walk upon?"

In *Kress & Co.* the Beaumont Court wrote: "We think special issue No. 6 is subject to the further objection urged by appellant that it submits a general issue of negligence rather than the particular matters of negligence alleged in plaintiff's petition. It is true the plaintiff alleged in his petition that defendant was negligent in not maintaining its premises, and particularly that portion where he slipped and fell, in a reasonably safe condition. But he pleaded particularly the specific acts of negligence, such as the oiling of the floor and the failure to remove the excess oil, etc., which rendered the premises unsafe." Continuing, in the following paragraph the Court held that general allegations would be controlled by specific allegations; and that only the specific acts alleged and raised by the evidence should have been submitted.

The defendant cites Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953), wherein the submission of global issues is exhaustively treated and condemned in negligence cases, with distinction noted as applied to non-negligence cases. Also cited is the article by Justice Pope, on Broad and Narrow Issues, in 26 Tex. Bar Journal, p. 921. Then defendant cites Barclay v. C. C. Pitts Sand and Gravel Company, 387 S.W.2d 644 (Tex.Sup., 1965), in which it was held that in negligence cases an inquiry in the charge concerning negligence in relation to "proper control" is improperly submitted if there is an objection thereto, the submission of the issue amounting to a general submission. Loss of control is not in itself necessarily the result of negligence on the part of the driver. If such loss is the result of negligence it is necessarily related to specific acts or omissions which would be the proper subject of special issue inquiry.

Based upon *Barclay* the defendant claims analogy to the instant situation. It contends, as follows: "In our case the plaintiff plead specifically that, 'Sub-paragraph (c) they (defendant) used more water or cleaning fluid on the floor than would have been used by a reasonable and prudent person under the same or similar circumstances'. Their alleged specific act of negligence was not submitted to the jury, in the face of not only specific exceptions taken by defendant to plaintiff's pleading that the words 'slippery condition' were vague, general and indefinite, but also in the face of defendant's specific exception to the Court's charge that the submission was too global in that it failed to spell out the slippery condition of the floor that was allegedly caused by defendant, which was substantially the same exception taken to 'proper control' in Barclay, supra."

We see no merit in the defendant's contention. What was the ultimate issue to be made the subject of inquiry? Under plaintiff's pleadings, and under the evidence, and by the manner of submission of Special Issue No. 1 the defendant was charged with affirmative negligence in the placement of a foreign substance on the floor, causing the floor to be altered from its normal condition in that it was made slippery, of which condition—as additional negligence on the part of the defendant—there was a failure to protect the plaintiff by warning her, etc. Under plaintiff's theory of right to damages, she contended that the defendant had caused the floor of the premises to be in such condition that a person such as the plaintiff who might be expected to walk thereon might find his footing so insecure that a fall might be occasioned thereby. One ultimate inquiry, assuming that the floor was insecure and unsafe, was whether the defendant did cause the floor to be in such condition, i. e., the slippery condition. In a similar case of "slippery" surface an analogous form of submission was held not to have been subject to the objection that it amounted to a charge upon the weight of the evidence under the circumstances of the particular case. H. E. Butt Grocery Company v. Quick, 442 S.W.2d 798, 801 (San Antonio Civ.App., 1969 ref., n. r. e.).

We believe that had special issues been submitted making inquiry about whether an

excess of cleaning fluid, and/or an excess of water, and/or an excess of cleaning fluid mixed with water, etc., had been placed upon the floor at the material point by the defendant, such submission would have constituted various phases or different shades of the same issue. Such was the subject of a discussion, with examples, relative to Texas Rules of Civil Procedure 279, "Submission of Issues", by Chief Justice James P. Alexander. See Lecture before Judicial Section, State Bar of Texas, July 3, 1941, cited under the General Commentary to be found under that Rule in Vernon's Texas Rules of Civil Procedure. Indeed, any prejudice to the defendant in the manner of submission would be more likely to accrue upon the "fragmentation" of the ultimate issue in behalf of the plaintiff, with accompanying danger of multifarious issues upon the identical question, than by the manner in which the trial court did submit the case. See the discussion made generally, inclusive of this possibility of prejudice thus accruing to the defendant, in Hodges on Special Issue Submission in Texas, Ch. VI, "Size and Number of Issues", sections under Sub. B, "Too Broad and General", and under Sub. E, "Shades and Phases of Other Issues".

Although nothing about plaintff's pleadings was included in the objection to the manner in which Special Issue No. 1 was submitted, we will make reference thereto. The allegations were simply that defendant (a) created slippery condition on the floor of the hospital where plaintiff fell, of which (b) there was a failure to warn plaintiff, and (c) that defendant used more water or cleaning fluid on the floor than would have been used by a reasonably prudent person under the same or similar circumstances. Submission of the case was under (a) and (b) only. Under our view of the case the submission of any issues making inquiry under (c) would have been to submit various phases or different shades of the same inquiry made by the issues submitted under (a).

In view of the nature of the complaint made by defendant's point of error, there is no necessity to extend our discussion. In view of the circumstances of the case the form of submission of Special Issue No. 1 was not subject to the complaint of the defendant and no reversible error is apparent.

Judgment is affirmed.