**LEE et al. v. GLAD et al.**

No. 12639.

Court of Civil Appeals of Texas.

Galveston.

April 1, 1954.

Rehearing Denied April 29, 1954.

bile collision, occurring on the causeway—between the mainland and Galveston Island—in Galveston County, Texas.

The appellants, being the driver, and three passengers of the Harry T. Lee car, instituted the suit for their respective damages, and the appellees cross-acted to recover for Mrs. Mamie Glad's personal injuries, and for damages to the Glad's automobile, which Mrs. Glad was driving at the time of the collision.

In a trial by a jury, the jury, by answers to special issues, exonerated Mrs. Glad from all fault in the collision, and found that the occupants of the Lee car were engaged on a joint-enterprise; that the driver of the Lee car, Harry T. Lee, was negligent in several respects proximately causing the collision, and that each of the three passengers in his car was negligent in riding in his car, when, by the use of ordinary care, they could have discovered that Harry T. Lee did not have a driver's license, issued by the State of Texas.

Judgment was entered denying appellants any recovery and in favor of appellees, in the sum of $18,566.50.

This judgment for $18,566.50, entered in favor of appellees, is not only against Harry T. Lee, the driver of the Lee car, but also against the three passengers in the Lee car.

From this adverse judgment appellants have duly perfected their appeal to this Court.

The appellants all admitted they had formed a car-pool, or a pooling arrangement, whereby one member of the pool would drive his car to work one week, and the others, each in his turn, respectively, on the following weeks.

All expenses, incident to the operation of the particular car being so used at any time, including gasoline, etc., were to be borne by the car's driver-owner.

This arrangement had been in effect at least a week, and it was to continue for an indefinite period. The purpose in having

Marsene Johnson, Jr., Williams & Thornton, Armstrong, Bedford & Lambdin and Griffith D. Lambdin, Galveston, for appellants.

Fulbright, Crooker, Freeman & Bates, Houston, Markwell, Stubbs & Decker and Russel H. Markwell, Galveston, for appellees.

GRAVES, Justice.

This is a suit for damages for personal injuries, arising out of a head-on automo-

this car-pool was to save money in traveling to and from work.

It is also unquestioned that Harry T. Lee, the driver of the automobile in which all four appellants were riding at the time of this collision, did not have a Texas driver's license, which he was required to have under applicable Texas Statutes before driving on the highways of this State. Not only was Harry T. Lee lacking a driver's license, but no one of the other appellants had a valid Texas driver's license, although they had thus entered into such joint and several agreement to so drive upon the public highways, in furtherance of their private affairs.

The appellants state four points of error, which may be reduced to these two contentions for a reversal: (1) that the trial court erred in admitting into evidence what they term the "Horror Photographs" of Mrs. Glad's face taken during the operation in a hospital following the collision, while she was under an anesthetic, etc., which constituted the appellees' exhibits on the trial below shown as Nos. 5, 6, 7, 8 and 9; (2) the trial court erred in entering an $18,566.50 judgment against any of the four appellants either on the jury's verdict for that sum in their favor or independently thereof upon the theory that the four appellants had been engaged in a joint enterprise when such collision occurred, since there was no evidence supporting such claimed joint enterprise at such time, and since it was undisputedly shown that Harry T. Lee, alone, drove the car that caused the collision and that no other of the three appellants had any control or right of control over that car at that time.

■ As it seems to this Court, this appeal presents an unprecedented situation; but with all due deference to the appellants, it is not thought that the trial court committed reversible error in admitting into evidence the photographs. It is true that the photographs of appellee Mrs. Glad's face introduced in evidence and complained of as above recited by the appellants, which they termed "Horror Photographs" were, to say the least of them, in the raw; but they were shown to have been taken at the John Sealy Hospital on the morning of the accident complained of while she was unconscious, under the influence of an anesthetic and in no pain, during the operation, which Dr. Blocker performed on her for the relief of her injuries; they seem to have been enlargements of those taken by the doctor in charge of Mrs. Glad at the hospital, the originals thereof having been taken by the photographic department at the John Sealy Hospital.

After thoroughly reviewing this objection of appellants to the judgment, this Court is constrained to hold that appellants have not shown that the value of these photographs as evidence to assist the jury in arriving at a just and fair verdict, is not shown to have been "overborne" and "offset" by any emotional beclouding and diverting effect it might have had upon the jury considering the cause as a whole. As this Court understands the law, that would need to be held before a reversal could properly be ordered on account of the receipt of such evidence. These authorities are cited as bearing upon that question, and they seem to sustain the view here taken. York Transport Co. v. Moreland, Tex.Civ. App., 224 S.W.2d 899, ref. n. r. e.; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813, syl. 2.

■ Appellees have conceded that the evidence was not sufficient to raise any issue of "joint enterprise," and concede that appellants' points levelled thereagainst are well taken. The fact that the driver of the automobile was without a driver's license, and such fact was known to his passengers, does not render them liable for his negligence. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, does not so hold. The passengers did not own the automobile. It belonged to the driver. Neither did they have any control over him, as appellees concede, as stated above.

The judgment in so far as the passengers are concerned must be here reversed and rendered. Judgment as against the driver, Harry ·T. Lee, is in all things affirmed.

Affirmed in part and in part reversed and rendered.