The **GOVERNMENT EMPLOYEES CREDIT UNION**, a Corporation, Appellant,

v.

Elisa **JAQUEZ** et al., Appellees.

No. 5271.

Court of Civil Appeals of Texas.

El Paso.

Oct. 29, 1958.

Rehearing Denied Dec. 3, 1958.

Richard C. White, El Paso, for appellant.

Langford & Ainsa, Allan L. Poage, Talley & Gade, El Paso, for appellees.

HAMILTON, Chief Justice.

This suit was brought by Elisa Jaquez against Robert Hayes, appellee herein, and the Government Employees Credit Union, appellant herein, for recovery of a 1956 two-door Pontiac, and for damages. Appellee Robert Hayes cross-filed against the Government Employees Credit Union for recovery of $1,141 paid to appellant on a certain note, and for cancellation of all

other indebtedness owing by appellee to appellant.

The case was tried to a jury, and, upon the jury's verdict, the court granted judgment to Elisa Jaquez against Robert W. Hayes for recovery of said Pontiac automobile and damages in the amount of $768, and granted judgment to Robert W. Hayes against the Government Employees Credit Union for $1,141 and the cancellation of a promissory note dated March 12, 1956, executed by Robert W. Hayes to Government Employees Credit Union. From that part of the judgment granting Robert W. Hayes recovery against the Government Employees Credit Union, the Government Employees Credit Union appeals.

All of appellant's points of appeal are based on claims that the court was in error in entering judgment on the jury's verdict. There is no complaint in said points as to the pleadings, evidence submitted, or as to the court's charge. The facts, stated as briefly as possible, are as follows:

The appellee, Robert W. Hayes, was negotiating with one J. W. Parrish, reportedly an agent for the Cactus Motor Company of Las Cruces, New Mexico, for the purchase of a 1956 Pontiac automobile. The appellee at that time owned a 1954 Oldsmobile. The said Parrish agreed to sell to appellee the 1956 Pontiac for $1,500 cash and appellee's Oldsmobile. Appellee had been dealing with Government Employees Credit Union for a number of years, and at that time owed said company some $2,258, which was secured by a lien on appellee's Oldsmobile. Appellee went to appellant and told it of his proposed deal with Cactus Motor Company through J. W. Parrish, and asked if they would advance the $1,500 cash and refinance the existing indebtedness, taking the new Pontiac as security. This was agreed to and appellant prepared a note for $3,758 which included the $1,500 to be advanced and the old indebtedness. It was understood at the time these papers were executed that the proposed Pontiac automobile was not then available, but would be available

some time later. Some six or seven weeks later the said J. W. Parrish delivered to appellee a 1956 Pontiac, and appellee turned over to said Parrish his Oldsmobile and told him to go to the Government Employees Credit Union to get the $1,500 cash. Said J. W. Parrish appeared at the office of the appellant, presented a bill of sale signed by Elisa Jaquez describing the Pontiac automobile in question, which showed a Texas license number. No purchaser was named in said bill of sale. On the strength of this instrument appellant gave to J. W. Parrish, its check, made out to J. W. Parrish, for $1,500. Some three weeks later the said J. W. Parrish died, and then it developed that the said J. W. Parrish was not an agent of the Cactus Motor Company of Las Cruces, and that the said J. W. Parrish did not have the title papers to said Pontiac as required by New Mexico law or Texas law. Prior to Parrish's death, at the instance of the Credit Union, appellee executed the title papers to the Oldsmobile and the Credit Union released its lien against the automobile and delivered the title papers to J. W. Parrish. Appellee kept possession of the Pontiac up until the time of the trial, and regularly made payments to the appellant as provided in said note, having paid $1,141 at the time of the trial.

In answer to questions submitted to the jury by the court, the jury found that the appellant was guilty of negligence in closing the deal with J. W. Parrish based on the bill of sale executed by Elisa Jaquez in blank, and that such negligence was a proximate cause of the loss, if any, to defendant Robert W. Hayes. However, there was no pleading, proof or finding as to the amount of loss suffered by Hayes; consequently, no judgment could be entered for damages.

In answer to Special Issue No. 14 the jury found that plaintiff Hayes signed and delivered his promissory note to appellant with the understanding between said parties that same would be held by said Credit Union without any personal obligation on Hayes until clear and valid title to

the Pontiac automobile was vested in Hayes. Evidently on the jury's answer to this issue the court granted the judgment in behalf of Hayes against the Credit Union for $1,141, the amount paid on the new note, and cancellation of the balance of the indebtedness owing by the appellee to the appellant. Of course every indulgement must be in favor of the judgment, but still the court's judgment must be supported by the pleadings and the evidence. There is some evidence that the $1,500 was not to be paid out except on good title, but there is no evidence on which a cancellation of the old indebtedness of $2,258 could be based. It is without dispute that the only part of the $3,758 indebtedness that was involved in this transaction was the $1,500 advanced and, in our opinion, the $1,500 advanced by appellant on this deal is the only part of the indebtedness owing by the appellee that the court can cancel on the evidence and pleadings. We therefore hold that that part of said note representing the $2,258 previously owing by appellee to appellant be not canceled. Appellant does not sue for recovery of any of its indebtedness, nor for any offset. Therefore, that part of the court's judgment granting Hayes recovery of $1,141 should be upheld.

The judgment of the trial court is therefore affirmed in all respects except as to the cancellation of the $2,258 originally owed by appellee Hayes to the appellant, which part of the court's judgment is reversed and rendered in favor of the appellant, Government Employees Credit Union.