DALLAS TRANSIT COMPANY, Appellant,

v.

W. J. HAMMER, Jr., Appellee.

No. 16489.

Court of Civil Appeals of Texas.

Dallas.

April 30, 1965.

Rehearing Denied May 28, 1965.

Turner, Atwood, Meer & Francis, and Dean Carlton, Dallas, for appellant.

Helm, Jones & Pletcher, and George E. Pletcher, Houston, for appellee.

BATEMAN, Justice.

The appellee W. J. Hammer, Jr., recovered a judgment of $25,000 against the appellant Dallas Transit Company for bodily injuries sustained in a collision on April 30, 1962 between appellant's bus and an automobile operated by appellee.

The undisputed facts were that appellant's bus was going South, and appellee was going North, on the Houston Street Viaduct in Dallas. There is a fairly sharp turn in this viaduct near the north end. The two vehicles began negotiating this turn at about the same time, the bus turning to its right and the automobile to its left. It was raining heavily. This viaduct has two traffic lanes on each side of the center line. Appellee's car was in the inside northbound lane. As the bus approached the turn it moved from its outside lane partly into its inside lane, the driver thinking it necessary to do so to make the turn. As the two vehicles neared each other, the bus skidded into the left side of appellee's car. No evidence was offered to explain why the bus skidded except that it was said that the wet street was slippery. The bus driver lost control of the bus as soon as it started skidding.

The jury found in answer to special issues that: (1) the appellant's bus traveling on the wrong side of the road was negligence, (2) which was a proximate cause of the collision; (3) appellant's bus driver failed to maintain such control of the bus as would have been maintained by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, (4) which failure was a proximate cause of the collision; (5) the collision was not the result of an unavoidable accident; (6) at the time and just before the collision the bus did not skid suddenly and unexpectedly; and (8) the appellee's damages were $25,000.

Appellant presents thirty-three points of error on appeal, which are divided into five groups and will be so considered and disposed of by us.

The first group consists of Points 1 through 6. It is asserted therein that Special Issues Nos. 1, 2, 3 and 4 are global in nature and in reality constitute a general charge. The first and fourth points of error assert that for that reason there was error in the submission of these four issues;

the third and sixth points assert error in the awarding of judgment on such findings; and the second and fifth points say that the court erred in overruling appellant's motion for judgment *non obstante veredicto*.

▆ The second and fifth points of error are overruled. The facts that these issues may be objectionable as to form, and the findings in response thereto insufficient to support a judgment for the plaintiff, do not entitle the defendant to a judgment.

▆ The first, third, fourth and sixth points, however, are sustained. Special Issues Nos. 1 and 3 are gobal in nature and so vague, general and indefinite as to constitute a general charge. Appellant was thus deprived of that submission of the case on special issues guaranteed to it by Rule 277, Vernon's Texas Rules of Civil Procedure.

Just a few days before this case was tried, the Fort Worth Court of Civil Appeals decided the case of Pitts v. Barclay, 377 S.W.2d 750, in which it was held that a special issue submitting the question of whether the driver of a motor vehicle failed to keep the same under "proper control" (defined as "such control that a person of ordinary prudence would have kept under the same or similar circumstances") amounts to a general charge and a global submission of negligence, subject to objection on those grounds, and that "a favorable finding thereto returned (and to the appended issue on proximate cause) cannot alone, in and of itself, support a plaintiff's judgment in a case where the defendant has objected to the issue on that ground." Our Supreme Court affirmed on February 17, 1965 in Barclay v. C. C. Pitts Sand & Gravel Co., 387 S.W.2d 644, wherein it was said: "In our opinion an inquiry concerning proper control simply has no place in the charge when appropriate objection is made by the party against whom it would otherwise be given." See also Kainer v. Walker, Tex.Sup.1964, 377 S.W.2d 613.

Appellee reminds us that the last sentence of Rule 277, T.R.C.P. authorizes the submission of a case on a general charge if good cause is shown therefor, and argues that the circumstances of this case present such "good cause" as entitled him to the submission of the case on a general charge. We do not agree with appellee. Although he had alleged six specific acts of negligence on the part of appellant, he apparently made no effort to prove any of them; all he proved was that appellant's bus, being driven around a curve in the rain, skidded out of control and collided with his automobile, which was in its proper lane. His inability to prove negligence on the part of appellant does not give him the right to ask the jury to speculate that the happening of the accident must necessarily presuppose negligence as the cause thereof. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199.

It was held in Dallas Transit Co. v. Tolbert, Tex.Civ.App., 337 S.W.2d 617, 620, wr. ref. n. r. e., that an operator who has lost control of his vehicle is not responsible for what happens thereafter unless his loss of control was caused by negligence in the management of the vehicle. Appellee recognizes this as the correct rule but attempts to distinguish the Tolbert case from this case by showing, *inter alia,* that in the Tolbert case there was ample evidence that the driver was not negligent in failing to regain control, while in this case, "there is no evidence excusing the admitted loss of control by Defendant, or his presence in the wrong lane, both of which caused the accident." Likewise, there is no evidence convicting appellant's driver of negligence in permitting the bus to go out of control. Appellant was under no duty to excuse "the admitted loss of control"; the burden was on appellee to prove that the loss of control was proximately caused by appellant's negligence.

Special Issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question the Dallas Transit Company's bus traveling on the wrong side of the road was negligence as that term has been defined for you?"

The jury answered "We do." In the light of the aforesaid holding in the Tolbert case, and the undisputed evidence that the bus crossed the center line of the pavement after it had gone out of control, it is our holding that the special issue inquiring as to whether traveling on the wrong side of the road was negligence was just as objectionably global in nature as the proper control issue. It permitted the jury to speculate as to the cause of the bus being on the wrong of the road and to find the defendant guilty of negligence generally, the same as would be authorized if the case had been submitted on a general charge.

Appellant's first, third, fourth and sixth points of error are sustained.

Points of error 7 through 12 comprise the second group submitted by appellant and are based upon the alleged deficiency of pleading. Points 7, 9, 10 and 12 assert that the court erred in submitting Special Issues Nos. 1 and 2, and in awarding judgment for appellee, because there is no pleading, and alternatively insufficient pleading, to support such submission and judgment. These points are sustained. Nowhere in appellee's petition do we find any allegation to the effect that the presence of appellant's bus on the wrong side of the road, or its traveling on the wrong side of the road, was negligence on the part of appellant or its driver. If appellee had intended to establish liability of appellant on such a charge of negligence, appellant was entitled to fair notice thereof. Rule 47, T.R.C.P. Appellant's objections to these issues should have been sustained, and we sustain the points of error complaining of the trial court's failure to do so.

"Where the plaintiff elects to specify in his pleadings the particular acts of negligence of which he complains, he will be restricted in his proof to the

acts specifically alleged. And, where he alleges generally that the injury was the result of negligence, and then specifically sets up the acts of negligence relied on, the evidence will be confined to the specific allegations of negligence, and the general allegations will be controlled by the specific acts averred." 40 Tex.Jur.2d, Negligence, p. 655, § 137.

■ Except in cases where issues not raised by pleadings are tried by express or implied consent (Rule 67, T.R.C.P.), it is elementary that the court's judgment must be supported by the pleadings as well as the evidence. Government Employees' Credit Union v. Jaquez, Tex.Civ.App., 318 S.W. 2d 134, wr. ref. n. r. e.; Denton County Electric Co-Op., Inc. v. Burkholder, Tex. Civ.App., 354 S.W.2d 639, 644, wr. ref. n. r. e.

■ Points of error 8 and 11 complain that the trial court erred in overruling its motion for judgment *non obstante veredicto* because of this deficiency in pleading. This deficiency did not entitle appellant to a judgment; merely to have the judgment against it set aside. These points are overruled.

■ The third group of appellant's points of error consists of Points 13 through 27. With the exception of Points 14, 17, 21, 24 and 27, they assert, in various ways, that there was no evidence, and alternatively that there was insufficient evidence, to warrant the submission of Special Issues 1, 2, 3 and 4 and awarding judgment to appellee upon those findings. These points are sustained. All of the witnesses agreed that the bus was out of control before it crossed the center line, and appellee does not dispute this. Moreover, there was no evidence of any act or omission by the bus driver which caused the bus to go out of control and cross the center line. Appellee concedes in his brief that the evidence does not raise any specific act of negligence which is embraced within the "proper con-

trol" issue. That being true, no liability is shown. Dallas Transit Co. v. Tolbert, 337 S.W.2d 617, wr. ref. n. r. e.; 60 C.J.S. Motor Vehicles p. 703, § 298.

■ Points 14, 17, 21 and 24 assert error in overruling appellant's motion for judgment *non obstante verdicto* because of the lack of evidence and insufficient evidence to support the findings in response to Special Issues Nos. 1, 2, 3 and 4. These points are overruled. A defendant is not necessarily entitled to a judgment merely because there is no evidence, or insufficient evidence, to support certain special issues which have been submitted. No point is presented to us asserting error in overruling the defendant's motion for judgment *n. o. v.* because there is no evidence of any negligence on its part.

■ Point of error No. 27 asserts error in awarding judgment to appellee because the finding that the collision was not an unavoidable accident was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. This point is not briefed and is considered waived. Rule 418, T.R.C.P.; Thigpen v. Locke, Tex.Supp.1962, 363 S.W.2d 247; Yates v. Del Rio Wool & Mohair Co., Tex.Civ.App., 374 S.W.2d 341.

■ The 28th and 29th points comprise the fourth group presented by appellant and assert that the trial court erred in submitting Special Issues Nos. 1 and 3 because the submission thereof constituted comments by the court on the weight of the evidence by assuming that the bus was voluntarily on the left side of the road and assuming erroneously a duty on the part of appellant to regain control of a vehicle admittedly out of control. We have already held that these issues lack support in the pleadings and the evidence and that the findings in response thereto are insufficient to support the judgment. We are now asked to hold also that the mere submission of the issues constituted comments by the court on the weight of the evidence. We are un-

able to follow appellant's reasoning on these points and overrule the same.

 The fifth group of points of error consists of Points 30, 31 and 32. Points 30 and 31 assert error in overruling appellant's motion *in limine* to strike, and in admitting, certain portions of the deposition testimony of Dr. H. A. Mattson "because the objectionable portions were unresponsive, immaterial and prejudical." However, the only ground urged in the trial court for striking this testimony was that it was unresponsive. As it is not permissible on appeal to enlarge the grounds of objection specified in the trial court, 3-A Tex.Jur., Appeal and Error, p. 212, § 165, the points of error will be considered as restricted accordingly. Mere unresponsiveness of the answer of a witness, if the testimony is otherwise admissible and relevant, will not ordinarily constitute a ground for reversal. McCormick & Ray, Texas Law of Evidence, Vol. 1, p. 460, § 582.

It would unduly lengthen this opinion to set forth the testimony coming under this attack. Suffice it to say that we have carefully examined the testimony in question and, while much of it is not entirely responsive to the questions asked, it was all relevant and doubtless would have been admissible if this objection had been voiced when the questions were propounded, giving the appellee's attorney an opportunity to rephrase the questions. Appellant has not carried the burden of showing such harm from the rulings complained of as to warrant reversal, and we overrule Points of Error 30 and 31. Rule 434, T.R.C.P.

Point 32 asserts excessiveness of the verdict. As the case is being reversed and remanded for a new trial on other grounds, we deem it unnecessary to express an opinion on this matter.

Appellant argues that we should render judgment in its favor because there was no evidence to support any of the issues on the question of liability. However, we feel that the case has not been fully developed and that it was tried on an erroneous theory and, accordingly, we reverse the judgment and remand the case for a new trial. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

Reversed and remanded.