**DALLAS TRANSIT COMPANY, Appellant,**

v.

**W. J. HAMMER, Jr., Appellee.**

**No. 16489.**

Court of Civil Appeals of Texas.

Dallas.

May 13, 1966.

Rehearing Denied June 17, 1966.

1. Cf. Hoke v. Poser, 384 S.W.2d 335 (Tex.1964).

Turner, Atwood, Meer & Francis, Dean Carlton, Dallas, for appellant.

Helm, Jones & Pletcher, Houston, for appellee.

BATEMAN, Justice.

The facts of this case will be found in Dallas Transit Co. v. Hammer, Tex.Civ. App., 390 S.W.2d 823, and in Hammer v. Dallas Transit Co., Tex.Sup.1966, 400 S.W. 2d 885. The Supreme Court has reversed our judgment and remanded the cause to this court to enable us to exercise our exclusive jurisdiction to reconsider and finally rule upon certain of appellant's points of error attacking the sufficiency of the evidence to support certain issues and findings in the light of the Supreme Court's opinion. We must also now rule on the point asserting that the award of damages was excessive.

In appellant's sixteenth and eighteenth points of error on appeal it was asserted that there was insufficient evidence to support Special Issues Nos. 1 and 2; and by its nineteenth point of error appellant complained of the judgment rendered against it because Special Issues Nos. 1 and 2 were so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. These points were sustained by us without discussion, along with several other points of error asserting no evidence to support Special Issues Nos. 1 and 2, on the theory that if there was no evidence to support these issues, a fortiori the evidence was insufficient to do so. However, the Supreme Court having held that we had decided the "no evidence points" on an erroneous rule of law, and that there was some evidence to support those issues, we now hold that the evidence was sufficient and that those issues were not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. Accordingly, we now overrule appellant's points of error, Nos. 16, 18 and 19.

There were other points falling within the same category, except that they related to Special Issues Nos. 3 and 4. As shown by the Supreme Court's opinion, Hammer abandoned any claim to a judgment based upon the findings in response to those special issues, in view of the Supreme Court's recent opinion in Barclay v. C. C. Pitts Sand & Gravel Co., Tex.Sup.1965, 387 S.W.2d 644. Those points were thereby made immaterial, and we shall not further notice them.

This brings us to appellant's thirty-second point of error in which it was asserted that the finding of $25,000 damages was so grossly excessive as to show bias and prejudice on the part of the jury. Evidence was introduced to show that Hammer, a 38-year-old city fireman, sustained an injury to his left arm, elbow and shoulder causing him severe pain which persisted continuously from the time of the accident

to the time of trial, a period of twenty-three months, with the exception of two days when he was injected with cortizone or Novocain. He had also done market research survey work in his spare time. His earnings in 1961 totaled $9,712.80. The accident was on April 30, 1962, and his earnings that year were only $5,766. His doctor said he had sustained an incomplete rupture of the supraspinatus tendon of his shoulder and a traumatic tenosynovitis of the long head of the bicep, and that surgery might be required to re-attach the extension apparatus on the elbow; and that, with or without surgery, there would be a permanent disability of about ten per cent, based on the limited motion with some pain on strenuous activity; that any work or other activity which caused or required elevation of the shoulder or arm would cause pain.

The reported decisions in other cases on this point are of little help to us because no two cases involve the same injuries, pain or disability. The decision in each case must necessarily be based on the facts of that case. What the future holds for anyone, in the way of earning capacity or freedom from pain can never be determined with mathematical certainty. Our Supreme Court has said several times that the amount of damages to be awarded must be left to the sound judgment and discretion of the jury; provided, however, that the award must be based on evidence and not mere conjecture, and must be "an intelligent judgment, based upon such facts as are available." McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710; Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918.

The amount awarded in this case does not offend the conscience of this court, and we therefore have no right to substitute our judgment for that of the jury. The thirty-second point of error is overruled.

The judgment of the trial court is now

Affirmed.