**PIONEER BUS COMPANY, Appellant,**

v.

**Rovina WARD, a Feme Sole, Appellee.**

No. 30.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 29, 1967.

Lew W. Harpold, Hofheinz & James, Houston, for appellant.

Warner F. Brock, J. Harold Bates, Brock & Williams, Houston, for appellee.

BARRON, Justice.

Plaintiff, Rovina Ward, appellee here, brought this suit to recover for personal injuries alleged to be sustained by her on August 19, 1963. She alleged that she received injuries to her shoulder, hand, hip, groin, and knee, while alighting from a bus owned and operated by appellant, Pioneer Bus Company. On the verdict of a jury, the trial court entered judgment in favor of plaintiff, Rovina Ward, for $15,000.00 damages for physical pain and mental anguish (past and future), loss of earnings and loss of earning capacity. Also, the court entered judgment for $500.00 for future medical expenses and $182.00 was stipulated by the parties as a sum actually expended by plaintiff as a result of the accident.

The defendant bus company, appellant, attacks the trial court's judgment by four points of error, to-wit: in denying defendant's motion for new trial because: (1) the jury's finding of $15,000.00 is exorbitant, excessive, wrong and unjust, and is based upon sympathy, passion and bias for the plaintiff and prejudice against the defendant, and that the verdict is thereby against the greater weight of preponderance of the evidence; (2) because the finding of

$500.00 for future medical expenses is wrong and unjust and is against the great weight and preponderance of the evidence; (3) because there is no evidence in the record of past or future mental anguish or future pain; and (4) because the evidence is insufficient in regard to past and future mental anguish and future pain.

The plaintiff does not attack the jury's answers on the liability issues, nor does it attack the verdict by reason of jury misconduct. No attempt was made to show that the jury in assessing damages considered factors which were improper or that they considered anything except the evidence before them.

The evidence shows that Rovina Ward was about 75 years of age when the accident happened and was employed as a maid doing general household work, and earning $33.00 a week for her personal services. On August 19, 1963, Rovina Ward was returning from work on defendant's bus. While she was leaving the bus on Wayne Street in Houston, at the rear door of the bus, the door closed on her right leg above the ankle. When she attempted to grab the door, her right shoulder and right hand were also caught in the door, and while she was in this position, the bus moved about five feet before stopping to release her. She testified that she received injuries to her right shoulder, groin, right hip, right leg, right arm and right hand. She testified that the injuries were disabling, that she had not been able to resume her work, and that she could not ever do so again. The injury to her right hand is such that she is unable to grip anything, and she has lost all sensation in her hand. A number of persons testified generally to her disabilities. Such testimony was generally that while Mrs. Ward was not completely bedridden, she could not get up without the aid of someone or unless she used a heavy cane. The moving about was extremely painful and she was unable to keep her lawn, plant trees and flowers and do her housework. It was

shown that she was in good physical condition prior to the accident and was exceptionally active for a woman her age.

Dr. James C. Jones, plaintiff's medical witness, stated that the injuries were permanent and would probably grow worse as the plaintiff became older. He testified that in reasonable probability, she would live from five to twenty more years, based upon his knowledge of her physical condition and her age, and that the weakness in the right leg was permanent. Her right shoulder has improved to some extent, but she still has a partially frozen shoulder. She cannot comb her hair by lifting her arm. When she walks she uses a cane and drags her right foot behind her. She is unable to stand erect, she has a cervical injury, and she cannot bend "way down or way back." Examination of her right knee revealed marked stiffness. She was unable to flex the knee more than 45 degrees. Dr. Jones testified that surgery was not advisable and that it would probably make her worse. He testified that she would continue to have the pain she is having and that such pain would get progressively worse. He testified that Mrs. Ward necessarily will incur medical expenses in the future. He estimated that about $450.00 a year probably would be fair for future medical expenses. Dr. Jones admitted that some of plaintiff's difficulty was caused by osteoarthritis, an aging process, but such a disease, we believe, aggravates her condition in view of plaintiff's good physical condition and freedom from pain before the accident.

Defendant's medical witness, Dr. Thomas F. Hudgins, Jr., refuted most of this testimony, and he concluded that Mrs. Ward probably had muscle soreness and soreness in her leg to the extent that she could not have worked for a few weeks after the occurrence. He felt that she was capable of doing any of the ordinary duties that a housemaid could do, and he could see no future medical expenses arising as a result

of this occurrence. The first doctor to treat Rovina Ward after the accident was Dr. Thomas, who treated her three times a week until Dr. Thomas died in December of 1964. He prescribed medications and gave her deep heat therapy to the involved areas. He treated plaintiff about sixty times from August, 1963 through December of 1964.

 From the evidence, some of which was undisputed, the plaintiff obviously suffered severe physical pain and mental anguish. For a person of this type to be reduced to an invalid, unable to take care of her own personal hygiene and perform her own personal duties, is a genuine subject of mental anguish. She has continued to experience what we consider to be severe physical pain. The jury could reasonably have concluded, based on the evidence, that her future medical expense would be much more than $500.00. The figure given by Dr. Jones was merely an estimate. There is ample evidence, and reasonable inferences from such evidence, that plaintiff's injuries are permanent. The jury was well within the limits of reason in the sums awarded plaintiff. There is nothing in the record to indicate that the jury was guided by any motive other than a conscientious consideration of the testimony and the instructions of the trial court. The amount of the verdict does not, as a matter of law, establish bias on the part of the jury. Prejudice or passion must be affirmatively shown, directly or circumstantially, unless the verdict is so excessive that it cannot be accounted for on any other ground. World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W. 2d 962 (Tex.Com.App.), opinion adopted; Brown v. Poff, 387 S.W.2d 101, 106 (Tex. Civ.App.), writ ref., n. r. e. We hold that the verdict of the jury is neither excessive nor the result of passion, prejudice or sympathy.

The defendant alternatively requests that this court order a remittitur to the point of fair and just compensation for injuries proven. We decline to order a remittitur, and hold that the verdict of the jury was well within the limits of reason and fairness. See Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835, 840; Dallas Transit Co. v. Hammer, 404 S.W.2d 85 (Tex.Civ. App.), no writ; Lackey v. Perry, 366 S.W. 2d 91, 96 (Tex.Civ.App.), no writ. The evidence is sufficient to sustain the trial court's judgment.

The amount awarded by the jury does not offend the conscience of this court. We decline to substitute our judgment for that of the jury.

The judgment of the trial court is affirmed.