**TEXAS EMPLOYERS INSURANCE ASSO-CIATION, Appellant-Appellee,**

**v.**

**Espiridion SAPIEN and wife, Magdalena Sapien, Appellees-Appellants.**

**No. 6113.**

Court of Civil Appeals of Texas, El Paso.

Sept. 23, 1970.

Rehearing Denied Oct. 7, 1970.

Edwards, Belk, Hunter & Kerr, Eugene T. Edwards, El Paso, for appellees-appellants.

Mark F. Howell, Malcolm McGregor, El Paso, for appellant-appellee.

## OPINION

WARD, Justice.

This is a workman's compensation case where the claimant, Magdalena Sapien, was found to be totally and permanently disabled. Jury findings were to the effect that the claimant suffered the complained-of accident on March 10, 1965 and that total and permanent incapacity from the accident began on October 5, 1967. Her claim for compensation was filed on October 25, 1967, some two years and seven months after the date of the accident. Appellant presents only no-evidence points on lack of continuous good cause for failure to file the claim within the required six months. The judgment of the trial court is affirmed.

The no-evidence points being presented, we are limited to a consideration of only the evidence and the inferences most favorable to the findings of the jury on the issues of good cause. The record reflects that the claimant is unable to speak the English language and had been working regularly as a seamstress for the past twelve years for various clothing factories in El Paso. At the time of trial, she had worked for the Mann Manufacturing Company for five years, and had advanced to the rating of utility seamstress. While not being able to recall dates with any degree of accuracy, the claimant was able to describe her accident which, together with the Supervisor's Investigation of Accident report, the Employer's First Report of Injury, the Surgeon's report, and the treating physician's medical record, reflect that on March 10, 1965, after stooping to pick up a dropped bobbin, she fell against her chair and injured her lower back. She immediately reported the inci-

dent to the company nurse and to the personnel clerk and was referred to the company doctor, who advised her to take hot baths and medication. No substantial working time was lost and the doctor reported no permanent disability. Two days later, the employer's first report of injury was made to the Industrial Accident Board and to the appellant. According to the employer's records, the claimant lost only five hours of work on March 11th and four hours on March 12th, and with a total of six days absent from work during the balance of 1965, with no sick leave having been taken. On July 7, 1965, claimant first visited a doctor of her own choosing, complaining of a recurring back pain. On three separate occasions during the balance of 1965, she visited this doctor and was given flexion exercises and some medication. The next visit to this doctor was on June 26, 1966, at which time she complained of pain in the lower back with limitation in bending forward. Flexion exercises were directed. The doctor saw her again on July 20, 1966 at which time she was feeling well and she reported no further trouble. Finally, she was seen on October 30, 1966 at which time the doctor discharged her and reported she was well, with no disability. During the period of time when she was seeing her own doctor, she was assured by him that he would leave her in good condition and that she would completely recover. These statements she believed and relied on. The employer's records reflect that in 1966 the claimant was off work nine and one-half days and claimed no sick leave. On June 29, 1966, while lifting a bundle of material, she felt a sharp pain in her back, and this was reported to her employer. According to all the testimony, there was no disability from this episode. On September 4, 1967 she suffered acutely from a pain in the lower back and was taken to her own doctor. At this time she was hospitalized. At an examination on October 5, 1967 the doctor, for the first time, assigned some limited permanent disability of the back as a result of her injuries, but

advised her to return to work on October 16th. At this time she did return to work, but found she could not perform her duties and was off from work again on October 23rd. Two days later, on October 25, 1967, her claim for compensation was filed, it having been prepared in the appellant's office. She returned to work again on November 10, 1967. For this period of time that the claimant was off work, the appellant paid her the maximum weekly compensation, paid her hospital bills and the bill of her chosen doctor, having previously paid his bills for the services rendered during the years 1965 and 1966. After she was released from the hospital, the claimant first learned that she was going to be permanently disabled, and she then filed her claim. It was claimant's contention and proof that she thought that her injury of March, 1965 was trivial, until she was advised by her physician to the contrary, though, during the entire period of time, she did suffer considerable pain. The company records for the year 1967 reveal that she was absent from work three and one-half days, and for the first time since her injury she claimed and was afforded sick leave, from September 8th to October 16th, 1967.

The company records reflect that from the date of her injury to the date of her disability, her pay increased and that she maintained her efficiency. Sub-standard work was first noted only after her disability began on October 5, 1967. The above is a summary of the evidence most favorable to the claimant's position on the issue of good cause.

 Good-faith belief on the part of the claimant that her injuries were not serious may constitute "good cause" for failure to present the claim within the statutory period provided the belief meets the primary test of ordinary prudence. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948). And while such belief continues, the fact that almost constant pain exists does not affect the issue, since pain and suffering are not

compensable. Further, advice from a physician that the injuries were not serious constitutes good cause for a claimant's failure to file a claim within the prescribed time, provided the claimant, in the exercise of ordinary care, believes and relies upon that advice. Harkey v. Texas Employers' Ins. Ass'n., 146 Tex. 504; 208 S.W.2d 919 (1948).

■ In the case before us, where we do have pain, we have a goodfaith belief of no serious injury with no disability until immediately before filing the claim. The present facts resemble those in Texas Employers' Insurance Association v. Brown, 408 S.W.2d 931 (Tex.Civ.App., Amarillo 1966, ref. n. r. e.), where good cause was held to exist, and differ from those facts in a typical case which correctly holds to the contrary. Texas Employers' Insurance Association v. Dill, 369 S.W.2d 464 (Tex.Civ.App., Ft. Worth 1963, ref. n. r. e.). The appellant's points are overruled.

■ By cross-point, the appellees complain of the submission to the jury of the issue concerning the date of the accident of the dropped bobbin. As heretofore stated, the jury answered that the accident occurred on March 10, 1965. After request for admission, the appellant answered that on June 29, 1966 the claimant received an accidental injury. It is the claimant's position that by this judicial admission the appellant is bound to the date of June 29, 1966 as the date involved in the accident before us. This would result in compensation benefits to the claimant of an additional sixty-six weeks, as the date of the accident and injury would be advanced that much nearer to the date of the total and permanent incapacity. 63 Tex.Jur.2d p. 68, § 163. On June 29, 1966 the claimant, while lifting some bundles, did suffer a sharp pain in her back, but no disability resulted from this incident. The claimant's whole case was built around the dropped bobbin incident, including her pleadings, her testimony and the court's charge. We doubt that the appellant's answers to the claimant's request for admissions did, in fact, unequivocally admit that the accident in question did occur on June 29, 1966. Further, both parties developed the undisputed evidence, without objection, to the effect that the true date of the occurrence and injury from the dropped bobbin was on March 10, 1965. It was only from what the Mann Manufacturing Company incorrectly told the appellant that the answers to the admissions were made, and it was only at the time of trial that the true facts were developed, and only on rebuttal did the claimant first call the court's attention to the purported admissions concerning the date of June 29, 1966. We do not believe that the court was bound by the admission of the purported date, when the record before it showed that the admission was not truthful, but was made from an innocent mistake. Gore v. Cunningham, 297 S.W.2d 287 (Tex.Civ.App., Beaumont 1956, writ ref'd. n. r. e.). The appellees' cross-point is overruled.

The judgment of the trial court is affirmed.